# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF THE STATE OF INDIANA

## 5400 Federal Plaza, suite 2300

## Hammond, IN  46320

Bridget B. Davis, Trustee of

Jared A. Davis Irrevocable Dynasty Trust

Petitioner,

v.

Case Number: 2:24-cv-350

First Financial Bank

Respondent.

FILED

10/02/2024

U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
Chanda J. Berta, Clerk of Court

## EX PARTE REQUEST FOR DECLARATORY RELIEF BY RIGHT FOR UNCONSTITUTIONAL VIOLATION OF SUBSTANTIVE DUE PROCESS OF LAW AND REQUEST FOR HEARING

COMES NOW, Petitioner, Bridget B. Davis, Trustee, in propria persona, and respectfully files this Ex Parte Demand for Declaratory Relief and Demand for Hearing. In support of this demand, Petitioner states as follows:

### I. JURISDICTION AND VENUE

1.    This Court has jurisdiction over this matter pursuant to 28 USC 1331 and 28 USC 1332, as this action arises from the unlawful seizure of trust assets under the 14th Amendment of the United States Constitution. Venue is proper in this Court pursuant to 28 USC 1331 and 28

USC 1332, as the subject matter of constitutional violations complained of occurred within the subject matter jurisdiction of this Court , as well as diversity jurisdiction between the parties. "It is well settled that a Trustee may invoke the diversity jurisdiction of the Federal courts on the basis of his own citizenship."Lerman v Rock City Bar Grille,Inc. 1:09 CV 2444 ( N.D. Ohio Jan. 20, 2010), Navarro Savings Assn. v Lee, 446 U.S. 458 (1980); Minogue v Modell, No: 1:06 CV 286, 2006 U.S. Dist. LEXIS 40026, at *18-19 (N.D. Ohio June 16, 2006)

## II. PARTIES

2.    Petitioner, Bridget B. Davis, is the rightful fiduciary and trustee of the THE JARED A. DAVIS IRREVOCABLE DYNASTY TRUST established under Trust Agreement or Deed B. details (See Exhibit A), duly created under the laws of the State of Ohio.

3.    Respondent(s), First Financial Bank.

## III. BACKGROUND FACTS

4.    On or about October 14, 2022, Respondent(s), acting under color of judgement, wrongfully, unlawfully, and unconstitutionally seized assets belonging to THE JARED A. DAVIS IRREVOCABLE DYNASTY TRUST, without providing notice, due process, or legal justification

5.    The trust assets seized include, but are not limited to, 610,118.74 plus an additional nearly 150,000. Distributions continuing to be deposited without the fiduciaries knowledge or consent, amount therefore is unknown. All of which rightfully belong to the trust and its beneficiaries.

6.    The actions of Respondent violate Petitioner's rights under the 14th Amendment of the United States Constitution, for the Constitutionally protected substantive right to Due Process of Law. The action taken by Respondent as stated in their correspondence to Plaintiff , "It is noted that on October 20, 2022, FFB turned over 610,118.74 to the Hamilton County, Ohio Clerk of

Courts in the above -referenced case, pursuant to the Court's order" (see exhibit C.) relied on a non Judicial, administrative order of a proceeding that neither Plaintiff , nor the Trust was a party. Respondent's reliance upon a State Administrative order , per the State Action Doctrine, subjects their action to the claim of Constitutional violation of substantive Due Process of Law .Respondent further stated, "FFB believes it is our duty to notify the Court of continued actions on the account". And in response to Plaintiff's request to close the Trust account , Respondent stated, "Until FFB receives an order from the Court allowing us to do so, we are unable to close the Trust account" . Demonstrating an entwinement between the State and the private entity.  First Financial Bank claims to have relied on a State issued order to take action. An action that is lawfully reserved exclusively by a Judicial Court of Law and by judicial process." "The seizure of property…must be done by judicial process."180 Indus., LLC v Brunner Firm Co. Case No: 2:17 CV 937 (S.D. Ohio Oct 1, 2020). First Financial Bank initiated Private administrative proceedings, which included the overt involvement of a State Judge, but did not include the only lawful Trustee of the Jared A Davis Irrevocable Dynasty Trust. State private administrative proceedings are governed by State Alternate Dispute Resolution Laws. Seizure of Trust assets, transfer to a judicial court's possession, can not be authorized under ADR agreement. A Court of law can only take possession of private property by Judicial order. Respondent's reliance on invalid order constitutes acting under State authority. "A private person acts under color of law when he conspires with a public official to corrupt or subvert state power." Lugar v Edmondson Oil Co., Inc. 639 F. 2d 1058 (4th Cir. 1981).

7.     Respondent's actions constitute an unconstitutional seizure, depriving Petitioner of lawful possession and control of trust assets without due process of law, as guaranteed by the Constitution. " the Due Process Clauses requires that , before a person is deprived of his real property by the government, he must be given notice and an opportunity, for a meaningful hearing before a neutral magistrate, and there must be a judicial determination that the seizure is justified." Freeman v City of Dallas 242 F.3d (5th Cir. 2001). " The hearing required by the Due

Process clause is not a moot court exercise. The hearing tribunal must have the authority to afford relief. See Parham, 442 U.S at 607 99 S Ct. at 2506." Clark v Cohen 794 F 2d 79 (3d Cir. 1986). This underscores that the court conducting the proceeding or signing an order , must have the authority to implement them. The process required by the Due Process clause under the 14th Amendment of the Constitution of the United States, guarantees that individuals be given a fair hearing , where their rights are heard, before being deprived of life , liberty or property. An agreed order , signed by a State Judge lacking jurisdiction over the fiduciary and thereby the property, deprives the Trustee of the right to have been heard as well as lacks the authority to implement or enforce said order.

8.    Petitioner has made repeated attempts to resolve this matter with Respondent, including but not limited to formal requests for the return of the trust assets, all of which have been denied or ignored.

## IV. LEGAL CLAIMS

Declaratory Relief by Right

9.    Petitioner is entitled to declaratory relief pursuant to 28 USC 2201 , as an actual controversy exists regarding the legality of Respondent's actions.This Due Process Violation cannot be appealed in any State Court of Law as the color of judgement order is not of a legal proceeding. Petitioner has no other remedy at law.

10.    The unlawful seizure of trust assets, without due process of law, has caused the Petitioner and beneficiaries immediate and irreparable harm. Petitioner has been deprived of the ability to fulfill the fiduciary duty the Trust has bestowed . The beneficiaries have been deprived of their right to the use and enjoyment of their money.

11.    Petitioner seeks a judicial declaration that Respondent's actions in seizing the trust assets were unconstitutional, and without Judicial authority.

## V. DEMAND FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1.  Issue an ex parte order scheduling a hearing on this matter due to the ongoing and irreparable harm caused by the unconstitutional violation .

2.  Declare that Respondent's actions in seizing the trust assets were  unconstitutional under the Constitution of the United States , the Supreme law of the land.

3.  Order the immediate return of all trust assets wrongfully seized by Respondent which includes the 610,118.74 plus additional subsequent deposits.

4.  Grant any further relief the Court deems just and proper.

Respectfully submitted,

Bridget B. Davis, Trustee

Date: 9/27/2024

zoubaby@icloud.com

 PETITIONER CONTACT INFORMATION TO REMAIN PRIVATE:

Bridget B Davis

3 Rivers Parkway P.O Box

516 Addyston, Oh.  45001

CERTIFICATE OF SERVICE


I hereby certify that a copy of the foregoing petition has been served by

X CERTIFIED MAIL

__ PERSONAL SERVICE

__ ORDINARY U.S. MAIL SERVICE

To:

     FIRST FINANCIAL BANK

     ONE FIRST FINANCIAL PLAZA

     TERRE HAUTE, IN.  47807

# EXHIBIT A

JARED ALLEN DAVIS IRREVOCABLE

DYNASTY TRUST AGREEMENT


DATED:  December 31, 2012

CONFIDENTIAL

25181

## TABLE OF CONTENTS

Section      Page

**ITEM I.    DISPOSITION OF THE TRUST** ................................................................. 1
    A.    Distributions. ............................................................................................1
    B.    Division.....................................................................................................1
    C.    Trust for Child of Settlor..........................................................................2
       1.   Discretionary Income Payments ....................................................2
       2.   Discretionary Payment of Principal ...............................................2
       3.   Division on Death of Child .............................................................2
    D.    Trusts for Lineal Descendants of Child.....................................................2
       1.   Income...........................................................................................2
       2.   Discretionary Payment of Principal ...............................................3
       3.   Division on Death ..........................................................................3
    E.    Termination...............................................................................................3
    F.    Contingent Beneficiaries...........................................................................3
    G.    Deferral of Distributions; Beneficiaries Under Disability .........................3
    H.    Distribution Standards ..............................................................................4
    I.    Power to Substitute Assets.........................................................................4
**ITEM II.    MISCELLANEOUS ADMINISTRATIVE PROVISIONS**...............................4
    A.    Termination of Trust .................................................................................4
    B.    Termination of Small Trusts .....................................................................4
    C.    Spendthrift Provision ...............................................................................4
    D.    Disclaimer Provision.................................................................................5
    E.    Adoption ...................................................................................................5
    F.    Combination of Trusts ..............................................................................5
**ITEM III.    POWERS OF THE TRUSTEE**.......................................................................5
    A.    Management...............................................................................................5
    B.    Investment.................................................................................................5
    C.    Borrowing .................................................................................................6
    D.    Voting .......................................................................................................6
    E.    Settlement .................................................................................................6
    F.    Execution ..................................................................................................6
    G.    Income and Principal ................................................................................6
    H.    Retention...................................................................................................6
    I.    Nominees ..................................................................................................6
    J.    Delegation to Agents and Counsel.............................................................6
    K.    Distribution ..............................................................................................7
    L.    Minors ......................................................................................................7
    M.    Partnerships..............................................................................................7
    N.    Dealing With Estates and Beneficiaries.....................................................7
    O.    Tax Elections ............................................................................................7
    P.    Division of Generation-Skipping Trusts ...................................................8
    Q.    Prudent Individual.....................................................................................8
    R.    Dealings ...................................................................................................8
    S.    Withholding .............................................................................................8

i

T.  Notice of Trustee Duties ........................................................................8
U.  Additional Power to Allocate Basis ........................................................8
V.  Power to Create Limited Power of Appointment. ....................................9
ITEM IV.  GENERAL PROVISIONS CONCERNING TRUST. ............................ 9
A.  Third Parties..........................................................................................9
B.  Accounting..............................................................................................9
C.  Situs.......................................................................................................9
D.  Resignation and Removal. ....................................................................10
E.  Definition of Trustee............................................................................10
F.  Compensation .......................................................................................10
G.  Disability of Trustees............................................................................10
H.  Incapacity..............................................................................................11
I.  Self-Dealing .........................................................................................11
J.  Trust Irrevocable by Settlor .................................................................11
ITEM V.  MISCELLANEOUS. ..................................................................... 11
A.  Headings ..............................................................................................11

ii

25183

## DECLARATION OF TRUST

### to be known as the

### JARED ALLEN DAVIS IRREVOCABLE DYNASTY TRUST AGREEMENT

**A TRUST IS HEREBY CREATED** at Cincinnati, Ohio, on <u>December 31, 2012</u>, by and between **JARED ALLEN DAVIS** as the Settlor ("Settlor") and **BRIDGET BYRNE DAVIS** as the Trustee ("Trustee"). For purposes of convenience and clarity, this document is hereinafter referred to as the "Agreement."

**WHEREAS**, Settlor desires to create an irrevocable trust.

**NOW, THEREFORE,** in consideration of the mutual agreements, covenants and promises contained herein, and other good and valuable considerations, the receipt of which is hereby acknowledged by Trustee, Settlor and Trustee agree as hereinafter set forth.

Settlor has absolutely and irrevocably assigned, transferred and delivered to Trustee the property described in schedule(s) to this Agreement and all incidents of ownership relating thereto and all rights, benefits, options, powers and privileges conferred thereby.

The Trustee may accept the transfer of additional assets and property, from Settlor or from any other person, which assets shall become a part of the Trust Estate and be administered in accordance with the terms of this Agreement.

It is Settlor's intention that no part of the Trust shall be included in Settlor's gross estate for estate or inheritance tax purposes. Settlor, therefore, specifically directs and provides that this Agreement shall be construed and the trust administered so as to meet such requirements notwithstanding any condition, provision or term set forth herein.

**ITEM I.        DISPOSITION OF THE TRUST.**

        A.    <u>Distributions</u>. The Trustee may, in the Trustee's discretion, accumulate the net income of this trust or may pay the remaining net income and principal of this trust to any one or more of Settlor's lineal descendants in such amounts and proportions, which may be unequal, as the Trustee, in the Trustee's discretion, deems necessary for a lineal descendant's maintenance, health, support and education. The Trustee shall consider, to such extent the Trustee determines to be proper, other funds known to the Trustee to be available to such lineal descendants for such purposes. Notwithstanding the foregoing, the Trustee shall not make a distribution to a lineal descendant whose parent has the power to remove and replace the Trustee if such distribution would relieve such lineal descendant's parent of an obligation of support.

        B.    <u>Division</u>. The Trustee shall hold the trust assets in one fund until such time as the Trustee deems desirable to divide the trust assets. At such time, the Trustee shall divide the balance of the trust into that number of equal shares so that there will be (i) one share for each of Settlor's then living children, and (ii) one share collectively for the then living lineal descendants of each deceased child of Settlor, which shall be further subdivided into subshares

1

CONFIDENTIAL                                                                                    25184

for such lineal descendants, per stirpes. The Trustee shall hold and administer each such share created hereunder for a child of Settlor as a separate trust as set forth under Paragraph I.C below. The Trustee shall hold and administer any subshares created for the lineal descendants of a deceased child of Settlor, on the terms and conditions provided in Paragraph I.D below.

      C.    <u>Trust for Child of Settlor</u>. The Trustee shall hold and administer any trust created in Paragraph I.B for a child of Settlor as follows:

      1.    <u>Discretionary Income Payments</u>. During the lifetime of Settlor's child, the Trustee may pay to or apply for the benefit of such child and his or her then living lineal descendants such amounts of the net income from such trust, in such proportions and in such manner as is necessary or desirable, in the Trustee's sole discretion for the maintenance, health, support and education of such child and his or her then living lineal descendants. Any such income not so paid or applied shall be accumulated and added to principal.

      2.    <u>Discretionary Payment of Principal</u>. The Trustee may also pay such amounts of the principal of this trust to or for the benefit of any one or more members of a group composed of such child and his or her lineal descendants, at such times and in such amounts as shall be deemed necessary in the Trustee's discretion, to provide for their respective health, support, maintenance and education. Support shall include assistance with the purchase of a residence. Whenever a distribution is to be made for the medical care or educational tuition needs of any beneficiary hereunder, the Trustee should consider making payment directly to the provider of such goods and services whenever possible rather than directly to that beneficiary.

      3.    <u>Division on Death of Child</u>. Upon the death of such child, the Trustee shall divide the trust so that there will be one share collectively for the then living lineal descendants of such deceased child of Settlor, which shall be further subdivided into subshares for such lineal descendants, per stirpes. The Trustee shall hold and administer any subshare created for a lineal descendant of such deceased child of Settlor as a separate trust on the terms and conditions provided in Paragraph I.D below. If there are no such then living lineal descendants, the Trustee shall divide the principal then remaining among the then living lineal descendants of Settlor, per stirpes, and hold each share under the provisions of Paragraph C or D of this ITEM; provided that if any trust held under the provisions of this ITEM I is in effect for the benefit of any person entitled to any portion of the trust under this subparagraph, and the generation-skipping tax inclusion ratio, as defined in Section 2642 of the Internal Revenue Code of 1986, as amended, is the same, such person's share shall be added to the principal of such trust.

      D.    <u>Trusts for Lineal Descendants of Child</u>. The Trustee shall hold and administer any trust created for a lineal descendant of a deceased child of Settlor, as follows:

      1.    <u>Income</u>. During the lifetime of Settlor's lineal descendant, the Trustee may pay such amounts of the net income of this trust to or for the benefit of a group comprised of such lineal descendant and his or her lineal descendants, at such times and in such amounts as shall be deemed necessary in the Trustee's discretion to provide for their respective health, support, maintenance and education. Any such income not so paid or applied shall be accumulated and added to principal.

2

CONFIDENTIAL

      2.      <u>Discretionary Payment of Principal</u>.  The Trustee may also pay such amounts of the principal of this trust to or for the benefit of a group composed of such lineal descendant and his or her lineal descendants, at such times and in such amounts as shall be deemed necessary in the Trustee's discretion, to provide for their respective health, support, maintenance and education.  Support shall include assistance with the purchase of a residence. Whenever a distribution is to be made for the medical care or educational tuition needs of any beneficiary hereunder, the Trustee should consider making payment directly to the provider of such goods and services whenever possible rather than directly to that beneficiary.

      3.      <u>Division on Death</u>.  Upon the death of such lineal descendant, the Trustee shall divide the trust so that there will be one share collectively for the then living lineal descendants of such deceased lineal descendant of Settlor, which shall be further subdivided into subshares for such lineal descendants, per stirpes.  If such lineal descendant leaves no living lineal descendants, the balance of such trust shall be divided into shares for the then living lineal descendants of such lineal descendant's parent, who is a descendant of Settlor, per stirpes, but if none, for the then living lineal descendants of such lineal descendant's grandparent, who is a descendant of Settlor, per stirpes, but if none, for the then living lineal descendants of Settlor, per stirpes. Each such share shall be administered as a separate Trust for such person pursuant to the provisions of this Paragraph I.D until such time as distribution is required by Paragraph B of ITEM II.

      E.      <u>Termination</u>.  On termination of the trust pursuant to Paragraph B of ITEM II, the Trustee shall pay over and distribute the principal and any undistributed income of such share to such lineal descendant, if living, but if not to the then living lineal descendants of such deceased lineal descendant, if any, per stirpes. If such lineal descendant leaves no living lineal descendants, the balance of such trust shall be divided into shares for the then living lineal descendants of such lineal descendant's parent, who is a descendant of Settlor, per stirpes, but if none, for the then living lineal descendants of such lineal descendant's grandparent, who is a descendant of Settlor, per stirpes, but if none, for the then living lineal descendants of Settlor, per stirpes, but if none, such principal and undistributed income shall be held and administered under Paragraph F below.

      F.      <u>Contingent Beneficiaries</u>.  If at any time during the term of the trusts provided for in this ITEM I after the death of Settlor, there shall be no lineal descendants of Settlor then living, the Trustee shall distribute the principal and any accumulated income of the trusts, free of trust, to the persons who would be entitled to Settlor's estate under the Ohio laws of descent and distribution in effect at the time of Settlor's death, as if Settlor had died intestate at such time, in the proportions provided by said laws.

      G.      <u>Deferral of Distributions: Beneficiaries Under Disability</u>.  With respect to any amounts which under any of the provisions of this ITEM I would vest in any beneficiary whom the Trustee shall determine to be incapacitated, the Trustee shall defer payment thereof until such incapacity is removed.  In making the determination of incapacity, the Trustee shall be entitled to rely upon the certificate of a licensed physician having direct knowledge of the conditions of such beneficiary.  Meanwhile, the Trustee shall apply to such beneficiary's use so much of the income and principal thereof as shall be deemed necessary in the Trustee's sole discretion for such beneficiary's health, support, maintenance and education (including college,

3

25186

graduate and professional school), giving consideration to such beneficiary's income and other resources. In making any distribution for any beneficiary hereunder, the Trustee shall first consult with the parent or guardian of such beneficiary and shall give ample consideration to his or her judgments and requests. However, the decision to make any distribution hereunder shall be solely within the Trustee's discretion.

H. Distribution Standards. Distributions for the benefit of the lineal descendants of Settlor are to be made according to the Trustee's discretion and not on any pro rata basis. In making any such distribution to the lineal descendants of a child of Settlor, the Trustee shall first consult with Settlor's child, if such child is then living, or his or her parent or guardian if such beneficiary is under a disability. The Trustee shall give ample consideration to the respective judgments and requests of the persons with whom it is required to consult; however, the decision to make or withhold any distribution hereunder shall be solely within the Trustee's discretion. In the exercise of the Trustee's discretion with respect to the distribution of income and the distribution of principal, it is Settlor's intent that any such distributions for support and maintenance be made only in a manner which will not create dependence on the trust or inhibit the development of sound traits of self-reliance and the virtues of hard work in Settlor's children and their lineal descendants.

I. Power to Substitute Assets. Settlor shall have the power, in a non-fiduciary capacity and without the approval or consent of any person in a fiduciary capacity, to substitute trust corpus with other property of an equivalent value, as described in Internal Revenue Code §675(4)(c). Settlor may release the power to substitute assets by delivering a written release to the Trustee, and such release shall be binding upon Settlor, the Trustee and all other persons.

## ITEM II.    MISCELLANEOUS ADMINISTRATIVE PROVISIONS.

A. Termination of Trust. This trust shall continue until terminated as provided in this agreement, and no rule against perpetuities shall apply except that the duration of any interest created by exercise of a non-general power of appointment granted in this agreement may be limited by Ohio law.

B. Termination of Small Trusts. If at any time during the term of the trusts provided for in ITEM I hereof, the Trustee deems the principal of any trust too small to be economically managed, the Trustee may terminate such trust and distribute all of the principal and undistributed income therefrom to the current income beneficiaries in the same proportions as such beneficiaries are currently entitled to receive income. If the income of such trust is being distributed or accumulated in the discretion of the Trustee, then the distribution shall be made among the beneficiaries, per stirpes.

C. Spendthrift Provision. Whenever the interest of any beneficiary in either the principal or income of any trust held under ITEM I hereof is anticipated, alienated or in any other manner assigned by such beneficiary, or is subjected to any legal process, bankruptcy proceeding or the interference or control of creditors or others, the beneficiary whose interest is so affected shall forthwith cease to be entitled to the income and shall be entitled to receive or have expended for his or her benefit, and shall receive, only so much of the income as the

4

CONFIDENTIAL

Trustee, in its sole and absolute discretion, deems necessary or desirable for the maintenance, health, support or education of such beneficiary, and if any principal payment shall be due and payable to such beneficiary, the Trustee may, in its sole and absolute discretion, postpone such payment or pay the same to or for the use or benefit of such beneficiary, or to the next-of-kin of such beneficiary, to be applied and used solely for the maintenance, health, support or education of such beneficiary. Should such anticipation, alienation, assignment, legal process, bankruptcy proceeding or interference or control by creditors or others be vacated, released or discharged, the interest of such beneficiary shall be restored, subject to being again divested as above set forth.

D. <u>Disclaimer Provision</u>. The renunciation, surrender, release, disclaimer or forfeiture of his or her interest, in whole or in part, by any beneficiary of any of the trusts created and provided for herein shall accelerate said interest in the same manner as would his or her death; unless the terms and provisions of this trust agreement otherwise provide and if they do otherwise provide said interest shall pass in the manner provided in this trust agreement. The receipt of any beneficiary or person to whom payments have been made hereunder shall be a full and complete discharge, release and acquittance of the Trustee.

E. <u>Adoption</u>. All references in this Agreement to "children" and "lineal descendants," of any individual, shall include adopted children, provided such child was adopted while a minor, and lineal descendants of such individual, as well as blood children and lineal descendants and children or lineal descendants conceived but not yet born at the time of such reference provided they are subsequently born alive.

F. <u>Combination of Trusts</u>. The Trustee may combine any two or more trusts having substantially similar terms created for any beneficiary under this Agreement or any agreement created by Settlor or Settlor's spouse, provided that each such trust has the same generation-skipping tax inclusion ratio as defined in Section 2642 of the Internal Revenue Code of 1986, as amended.

**ITEM III.    POWERS OF THE TRUSTEE.**

In carrying out their duties under this Agreement, the Trustee and any successor Trustee shall have, in addition to their common-law and statutory powers and without court order, the following powers provided herein:

A. <u>Management</u>. To receive, hold, manage, improve, repair, sell, lease for any period of time, pledge, mortgage, exchange or otherwise dispose of all or any part of the trusts, including real estate and shares of a corporate Trustee or such corporate Trustee's parent organization or its affiliates, upon such terms, prices and conditions as they deem advisable or proper.

B. <u>Investment</u>. To invest and reinvest any or all of the principal or income of the trusts in such stocks, bonds, securities, real estate and other investments, including any common trust funds upon such terms, prices and conditions as they deem advisable or proper, without being restricted to the class of investments which a Trustee is permitted by law to make; and to consolidate, for investment purposes, property of the trusts created hereunder.

5

CONFIDENTIAL

25188

C.    Borrowing.  To make advances and loans and borrow money (including the right to borrow from the banking department of a corporate Trustee) upon such terms and conditions and for such purposes as they deem advisable or proper.

D.    Voting.  To vote in person or by proxy the stocks, securities or other investments which they hold as Trustees or nominees and to execute and deliver proxies, powers of attorney and other agreements which they deem advisable or proper; to exchange the securities of any corporation or issuing authority for other securities upon such terms and conditions as they deem advisable or proper and to consent to or oppose any corporate action; to pay all assessments and subscriptions as they deem advisable or proper; to exercise options, and, in general, to exercise with respect to all stocks, bonds, securities or other investments which they hold as Trustees or nominees all rights, powers and privileges as might be exercised by an individual in his own right; provided, however, that the Trustees shall vote shares of a corporate Trustee or a corporate Trustee's parent organization or its affiliates only upon the written instructions of the majority of the then living adult beneficiaries entitled to any income from the Trust of which such shares are a part.

E.    Settlement.  To arbitrate, compromise and adjust claims in favor of or against any trust upon such terms and conditions as they deem advisable or proper.

F.    Execution.  To execute such instruments, deeds, leases, mortgages, contracts, agreements, assignments, transfers, bills of sale and other documents of any kind, as they deem advisable or proper.

G.    Income and Principal.  To determine in cases of doubt, whether money or property coming into their possession as Trustees shall be treated as principal or income and to charge or apportion expenses, taxes and losses to principal or income, as they deem just and equitable.

H.    Retention.  To retain any securities in the same form as when received, including shares of a corporate Trustee or such corporate Trustee's parent organization or its affiliates, even though any or all of such securities are not of the class of investments a Trustee may be permitted by law to make, and to hold cash uninvested as they deem advisable or proper.

I.    Nominees.  To cause stocks, bonds, securities or other investments to be registered in their names as Trustees, or in the name of a nominee, or to take and keep the same unregistered, but in all such cases they shall be as fully responsible for such stocks, bonds, securities or other investments as if the same were registered in their name as Trustees.

J.    Delegation to Agents and Counsel.  To employ such agents and counsel as they deem advisable or proper in connection with their duties as Trustees and to pay such agents and counsel a reasonable fee.  No agent or counsel so employed shall be disqualified by reason of any interest in any trust or in any corporation whose securities comprise a part of the same. The Trustees shall not be liable for the acts of such agents and counsel or for acts done in good faith and in reliance upon the advice of such agents and counsel, provided they have used reasonable care in selecting such agents and counsel.  A majority of the adult beneficiaries of any trust retain the right to direct the Trustees in writing to employ any investment counsel, to be

6

compensated by the trust for the supervision of the investments of the trust, or of any separate fund or to discontinue such employment or to change investment counsel. If investment counsel is employed, the Trustees shall follow the written recommendations or instructions of such counsel, without liability for any neglect, omission, misconduct, mistake or default of such investment counsel and shall not be liable or responsible to any person whomsoever for any loss or depreciation of the value of the trust estate, or of any separate fund, by reason of having followed the advice of investment counsel.

K.    Distribution.    To make distribution, pro rata or non-pro rata, in money, securities and any other property, according to their absolute discretion.

L.    Minors.    To pay any property distributable to a minor directly to such minor personally, or to such minor's legal guardian, or to a custodian selected by the Trustees under the provisions of an appropriate Transfers to Minors Act or any similar or successor statutory provision authorizing such payment, or to some other person selected by the Trustees to receive such property for such minor, and the written receipt of such minor, or such minor's legal guardian, or such other person, shall be a complete discharge of the Trustees with respect to such distribution.

M.    Partnerships.    To settle and adjust all of Settlor's partnership interests in any venture upon such terms as the Trustees shall deem proper. Settlor authorizes the Trustees to continue in any such partnerships, and subject to the risks of the business the assets representing Settlor's interest therein at the time of Settlor's death, for such periods and upon such terms as the Trustees shall determine. No change in the constitution of such partnership by the death or retirement of any partners or the admission of any additional partners shall affect the powers herein given. No Trustee shall be disqualified by reason of being a partner in any such partnership from participating on behalf of any such trust in any dealings herein authorized to be carried on between the Trustees and the partners of such partnership.

N.    Dealing With Estates and Beneficiaries.    To purchase property from, exchange property with or sell or lend property to Settlor's estate or any beneficiary on such terms and conditions as the Trustees may deem necessary or desirable, in their discretion without liability for any loss which may be suffered by reason thereof.

O.    Tax Elections.    In the administration of this trust, Trustee shall exercise all tax related elections, options and choices which it has, in such manner as it, in its sole but reasonable judgment, believes will achieve the overall minimum in total combined present and reasonably anticipated (but appropriately discounted) future taxes of all kinds upon not only Settlor's estate, but also any trusts created by Settlor and beneficiaries of the trusts and also beneficiaries under Settlor's Last Will and Testament. Trustee shall not be accountable to any person interested in Settlor's estate or any trust created by Settlor for the manner in which it carries out this direction to minimize overall taxes and even though its decisions in this regard may result in increased taxes or decreased distribution of Settlor's estate to any trust created by Settlor or to one or more of the beneficiaries of the trusts created by Settlor, and there shall in no event be any compensating readjustment or reimbursements between Settlor's estate, or any trusts created by Settlor or any beneficiaries of either by reason of the manner in which Trustee thus carries out this direction.

CONFIDENTIAL

25190

P.    Division of Generation-Skipping Trusts.  If at any time there shall exist under this trust agreement, or there is directed to be established, trusts, with respect to which a generation-skipping transfer as defined in Section 2611 of the Internal Revenue Code of 1986 may take place (the "generation-skipping trust"), and if the inclusion ratio as defined in Section 2642 of the Internal Revenue Code of 1986 of any such generation-skipping trust would be greater than zero and would be less than one when such trust is established, the Trustees may, in their sole discretion, divide each such generation-skipping trust into two trusts, or if the generation-skipping trust has not yet been established, allocate the assets allocable to each such generation-skipping trust between two trusts, one of which shall consist of assets for which the inclusion ratio shall be one and the other of which shall consist of assets for which the inclusion ratio shall be zero. Any such division shall be effective from the date of the death of Settlor. In addition, the Trustees may, in their sole discretion, divide or combine trusts or shares of trusts that have different vesting schedules due to the different rules against perpetuities that may apply.  If a trust is divided into separate trusts, the Trustees may, at any time prior to a combination of such trusts, (1) make different tax elections with respect to each of the trusts, (2) expend principal and exercise any other discretionary powers with respect to each of the separate trusts differently, and (3) invest each of the separate trusts differently.  The Trustees shall be free of all liability for their actions in making or not making such division so long as they act in good faith.

Q.    Prudent Individual.  In the exercise of the Trustee's powers and duties under this Agreement, the Trustee shall use the same judgment and care that a prudent individual would use if he were the owner of the trust assets.

R.    Dealings.  To deal with the fiduciary or fiduciaries of any other trust or estate, even though the Trustee is also the fiduciary or one of the fiduciaries of the other trust or estate.

S.    Withholding.  To withhold from distribution, at any time for distribution of any trust property in the trust, without the payment of interest, all or any part of the trust property, as long as the Trustee shall determine that such trust property may be subject to conflicting claims, to tax deficiencies, to liabilities incurred by Settlor, or to liabilities, contingent or otherwise, properly incurred in the administration of the trust and until the beneficiaries release and discharge the Trustee from any liability relating to the administration of the trust.

T.    Notice of Trustee Duties.  The Trustee of a trust may have duties and responsibilities in addition to those described in the trust.  If a Trustee has questions, such Trustee should obtain legal advice.

U.    Additional Power to Allocate Basis.  Allocate any basis increase (including any spousal basis increase) otherwise allowed under Section 1022(b) of the Internal Revenue Code, including any subsequent Code Section to any property of the trust or which is otherwise includable in the Settlor's estate in such proportions and amounts as the Trustee shall determine, even if such election shall benefit a Trustee individually.  Any allocation made by the Trustee shall be binding and conclusive upon all parties and interests.  In addition, the Trustee

8

CONFIDENTIAL

25191

shall be indemnified and reimbursed from the trust estate for any liability or expense incurred by such Trustee in a fiduciary capacity by reason of any such allocation made by the Trustee.

        V.     Power to Create Limited Power of Appointment.   The Trustee is authorized, by an instrument filed with the trust records, to create in any beneficiary a limited power of appointment over his or her trust share at his or her death.  The limited power of appointment may be created to allow such beneficiary to appoint his or her trust share in favor of any one or more of the lineal descendants of Settlor and Settlor's spouse, **BRIDGET BYRNE DAVIS**, other than such beneficiary, in such amounts, proportions and interests, outright or upon such terms, trusts, conditions and limitations as such beneficiary validly appoints by written instrument delivered to the Trustee during such beneficiary's lifetime or by a valid Last Will and Testament or Codicil thereto, in which specific reference to the limited power is made.  The Trustee shall not be bound to inquire into any such appointment, but shall make distributions as directed by the beneficiary.  Notwithstanding the foregoing, any limited power of appointment granted to a beneficiary shall be void to the extent that the creation or exercise of such power would cause any portion of the trust to be subject to (i) any Federal generation skipping transfer tax or (ii) any Federal estate tax in the estate of the holder of the power.  If or to the extent that such power of appointment is not exercised, upon the death of such beneficiary the remainder of such beneficiary's share shall be divided and distributed as set forth in ITEM I.

**ITEM IV.     GENERAL PROVISIONS CONCERNING TRUST.**

        A.     Third Parties.  Neither the original Trustee nor any successor Trustee shall be required to give bond or other security.  Third parties dealing with the Trustees need not inquire into the validity, expediency or propriety of their acts nor be required to look to the application of any money or other property paid to them.  Transfer agents and all persons dealing with the Trustees may deal with them as if they were the sole owners of the property dealt with.

        B.     Accounting.  After the death of Settlor, the Trustee shall render to the adult beneficiaries from time to time entitled to receive or who may receive income hereunder, written statements setting forth the receipts and disbursements passing through its hands, and shall also furnish such persons, at least annually, a written statement setting forth the securities held.

        C.     Situs.  This agreement shall be governed by the substantive law of the State of Ohio; provided, however, that the Trustee may at any time or from time to time in his or her discretion, change the situs of administration of the trust from one jurisdiction to another U.S. jurisdiction and/or elect that the substantive laws of any other U.S. jurisdiction shall thereafter govern.  This power shall be a continuing power which may be exercised any number of times and shall be conclusive and binding on all persons claiming to be interested in the trust. The Settlor instructs the Trustee to seek legal counsel before exercising its discretion hereunder. No appointment or provision in this Agreement shall be deemed to create a testamentary trust or trustee, and no such trust or trustee shall be subject to the jurisdiction of any court or judicial authority except insofar as may be provided by the general law of the State of Ohio, or the State of Situs of Administration, relating to inter vivos trusts and trustees.

9

D.    Resignation and Removal. Any Trustee or Co-Trustee shall have the right to resign from such capacity on sixty (60) days written notice delivered to the adult beneficiaries hereunder. Any successor Trustee may be removed as Trustee of any trust created hereunder by written notice thereof delivered to said Trustee and signed by a majority of the then adult beneficiaries of such trust and the natural or legal guardians of minor beneficiaries or beneficiaries under disability. Upon the death, resignation, removal or incapacity of a Trustee, the successor Trustee shall be **MARK RUEHLMAN**, but if he is unable or unwilling to serve, then the successor Trustee shall be **JOHNSON TRUST COMPANY**, but if it is unable or unwilling to serve, then the successor Trustee shall be such bank or trust company, authorized to administer trusts, having Five Hundred Million Dollars ($500,000,000.00) or more in assets under management, which shall be designated for such purpose by a majority of the then adult beneficiaries of such trust and the natural or legal guardians of minor beneficiaries or beneficiaries under disability. Upon the failure of Settlor, or, if Settlor be not living, upon the failure of the beneficiary or beneficiaries, or a majority thereof, to make an appointment within thirty (30) days, the resigning Trustee shall have the right to assign, convey, deliver, set over and transfer all of the then assets of the trusts created or provided for herein to some other bank or trust company having Five Hundred Million Dollars ($500,000,000.00) or more in assets under management, which shall then become Trustee. Upon such assignment, conveyance, delivery and transfer to the new Trustee and upon accounting for all trust assets which have previously come into Trustee's possession or under Trustee's control, the resigning Trustee shall be discharged from all further liability hereunder, and the new Trustee shall succeed to all of the titles, rights, powers, privileges, duties and liabilities of the predecessor Trustee. The resigning Trustee shall not be entitled after Trustee's resignation to any fees provided for herein except for a reimbursement of costs incurred by it in connection with Trustee's resignation.

No successor Trustee shall be required to inquire into the conduct or management of any of the trusts created or provided for herein by any predecessor Trustee unless requested to do so in writing by a beneficiary hereunder, in which event all of the inquiry shall be paid for by the beneficiary requesting it.

E.    Definition of Trustee. Any successor Trustee under this Agreement shall have the same powers, authorities, duties and obligations as the original Trustee hereunder; wherever the word "Trustee" is used in this Agreement, it shall be deemed to include the words "successor Trustee or Trustee"; pronouns of the masculine gender shall be deemed to include pronouns of the feminine and neuter gender, and vice versa, as the context may require, and all references to the Trustee in the plural number shall be deemed to include the singular, and vice versa, as the context may require.

F.    Compensation. The Trustee shall from time to time receive reasonable compensation for its services, to be based, in the case of a corporate Trustee, on its standard schedule of fees.

G.    Disability of Trustees. If any individual serving as a Trustee hereunder is at any time mentally or physically incapacitated for the performance of his or her duties, it shall not be necessary for him or her to resign or be removed, but the successor Trustee may administer the trust or trusts hereunder during his or her incapacity as though the incapacitated individual were dead. Any individual serving as an individual Trustee hereunder who is

10

expecting to be absent or incapacitated may, by an instrument in writing, authorize the successor Trustee to so administer the trust or trusts hereunder, and such authorization may be revoked in a like manner.

        H.     <u>Incapacity</u>. All references in this instrument to "incapacitated" mean any physical or mental condition of a person which substantially impairs his or her ability to conduct regular business affairs. Such condition shall be evidenced (a) by a written certificate filed with the Trustee of one doctor of medicine who has observed or examined such person; or (b) in any other manner provided by law; or (c) by an order of a court of competent jurisdiction declaring the person to be incapacitated, incompetent or in a similar state.

        I.     <u>Self-Dealing</u>. Notwithstanding any provision herein, no individual Trustee shall participate as a Trustee in the making of any decision or determination involving discretionary distributions of principal or income to or for the benefit of himself, except pursuant to an ascertainable standard, and no Trustee shall make any distribution to or for the benefit of any individual he is legally obligated to support which would discharge a legal obligation of the Trustee.

        J.     <u>Trust Irrevocable by Settlor</u>. Settlor expressly waives all right and power to alter, amend, change, modify or revoke this trust agreement in whole or in part.

**ITEM V.**     **MISCELLANEOUS.**

        A.     <u>Headings</u>  All headings in this trust agreement are for convenience of reference only and shall in no way affect the interpretation of this trust agreement or the determination of Settlor's intent.

11

25194

**IN WITNESS WHEREOF,** the Settlor and the Trustee have hereunto set their hands, all as of the day and year first above written.

WITNESS:

_WENDY L. HARRIS_

_Colene Townsend_

SETTLOR:

_____
JARED ALLEN DAVIS

TRUSTEE:

_____
BRIDGET BYRNE DAVIS

STATE OF ~~OHIO~~ FLORIDA )
                          ) SS:
COUNTY OF COLLIER ~~HAMILTON~~ )

BE IT REMEMBERED, that on December 31., 2012, before me, the subscriber, a Notary Public in and for said State, personally came **JARED ALLEN DAVIS,** Settlor, in the foregoing trust agreement, and acknowledged the signing thereof to be his voluntary act and deed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal on the day and year last aforesaid.

_____
Notary Public

> CAROL C. HOFFMAN
> MY COMMISSION # DD 923710
> EXPIRES: January 9, 2014
> Bonded Thru Notary Public Underwriters

STATE OF ~~OHIO~~ FLORIDA )
                          ) SS:
COUNTY OF COLLIER ~~HAMILTON~~ )

BE IT REMEMBERED, that on December 31, 2012, before me, the subscriber, a Notary Public in and for said State, personally came **BRIDGET BYRNE DAVIS,** Trustee, in the foregoing trust agreement, and acknowledged the signing thereof to be her voluntary act and deed.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my notarial seal on the day and year last aforesaid.

_____
Notary Public

> CAROL C. HOFFMAN
> MY COMMISSION # DD 923710
> EXPIRES: January 9, 2014
> Bonded Thru Notary Public Underwriters

2334025v1

12

CONFIDENTIAL

25195

# EXHIBIT B

COURT OF COMMON PLEAS
ENTER

HON. ALISON HATHEWAY
THE CLERK SHALL SERVE NOTICE
TO PARTIES PURSUANT TO CIVIL
RULE 58 WHICH SHALL BE TAXED
AS COSTS HEREIN.

ENTERED

OCT 1 4 2022

FOR COURT USE ONLY
S.C.
Line # : 18

**HAMILTON COUNTY, OHIO**
**COURT OF COMMON PLEAS**

**FIRST FINANCIAL BANK**

        Plaintiff

vs.

**JARED A. DAVIS, et al.**

        Defendants


D136242860

**CASE NO. A 2202364**

**(Judge Alison Hatheway)**

**AGREED**
**JUDGMENT ENTRY AND**
**ORDER FOR INTERPLEADER**

This cause came on before the Court on Plaintiff, First Financial Bank's ("Plaintiff"),

Motion for Default Judgment and Order for Interpleader against Defendant, Bridget B. Davis

("B.B. Davis") pursuant to Rule 55 of the Ohio Rules of Civil Procedure. The motion was based

upon the pleadings filed herein and the affidavits attached to the motion.

Upon review of Plaintiff's motion and affidavits, and for good cause shown, the Court

hereby finds that a judgment for interpleader shall be entered in favor of Plaintiff against Jared

A. Davis and B.B. Davis as relates to the Jared Allen Davis Irrevocable Dynasty Trust

5313867359 ("Trust Account").

The Court finds that Plaintiff shall deposit with this Court all funds held in the Trust

Account, being the sum of $610,118.74 as of September 8, 2022;



The Court further finds that the Hamilton County Clerk of Courts of Common Pleas shall

safekeep said funds until (1) the Court in Hamilton County Domestic Relations Division Case

No. DR-1901625 determines the lawful owner of said funds, and (2) this Court orders the

appropriate distribution of said funds;

The Court further finds that Defendants shall restrain and enjoin from pursuing any

action against Plaintiff in any way related to the Trust Account or the funds therein;

The Court further finds that Plaintiff shall be discharged from any and all liability or responsibility for any and all actions and inactions in any way related to the Trust Account or the funds therein, upon deposit of said funds with this Court within 10 days of the date of entry of this Judgment for Interpleader. Notwithstanding the foregoing, nothing contained herein shall prevent Jared A. Davis and/or B.B. Davis from asserting a claim to said funds in the parties' domestic relations case currently pending in the Hamilton County Domestic Relations Division as Case No. DR-1901625;

The Court further finds that Jared A. Davis and B.B. Davis and their agents shall be enjoined from making any derogatory, negative, or disparaging comments about Plaintiff in any way related to the Trust Account or Defendants' entitlement to the funds therein.

SO ORDERED this 13th day of October , 2022.

HON. ALISON HATHEWAY

Elizabeth Graham Weber
*Attorney for Plaintiff*

Kyle R. Miller, written auth 9/15/22
Kyle R. Miller
*Attorney for Jared A. Davis*

# EXHIBIT C

# **fiRST**

first financial bank

225 Pictoria Dr. Ste 800
Cincinnati, OH 45246

July 28, 2023

```
****************************SNGLP        LetterAuto
96 1.7930 SP 0.870      1 1 96
```
Bridget Davis
1834 California Rd
OKEANA OH  45053-9723

Dear Bridget:

Thank you for taking the time to contact us regarding your concern. At First Financial
Bank, we take great pride in the service we deliver to our clients.  Your feedback
provides us the opportunity to address your concern and bring it to resolution.

FFB received the complaint you made to the Federal Reserve Bank of Cleveland on
July 13, 2023. In your complaint, you stated: (1) you requested to close a trust account
but was denied; (2) you have activity on the account that is not yours; (3) FFB has given
out the account number which you have requested the routing number attached to the
ACH activity; and (4) FFB wired $627,000.00 without your signature or consent to an
unauthorized recipient.



Regarding your request to close the Jared A Davis Irrevocable Dynasty Trust Account
ending in 7359 ("Trust Account"), we received your request on July 6, 2023. As you
know, the Trust Account in question was involved in a Court proceeding[1], wherein the
Court instructed FFB to deposit any funds associated with the Trust Account, with the
Court. A copy of the Court's order is enclosed. Based on the prior litigation associated
with the Trust Account, FFB believes it is our duty to notify the Court of continued
actions on the account. On July 10, 2023, FFB filed a motion with the Court to deposit
the remaining funds with the Court and close the Trust Account. Until FFB receives an

---

[1] Hamilton County, Ohio Court of Common Pleas Case No. A-2202364.



order from the Court allowing us to do so, we are unable to close the Trust Account. A copy of the new motion has been enclosed.

Next, you stated that there is activity in the Trust Account that is not yours. We have not received sufficient information to properly investigate the transactions in question. If you can provide us with additional information, we can look into this further.

Third, you stated that FFB has given out the account number to the Trust Account. We have not received sufficient information regarding the disclosure to investigate further. If you can provide us with additional information, we can look into this further.

Finally, you stated that there was an unauthorized wire in the amount of $627,000.00. In reviewing the Trust Account, we do not see any wire in that amount. It is noted that on October 20, 2022, FFB turned over $610,118.74 to the Hamilton County, Ohio Clerk of Courts in the above-referenced case, pursuant to the Court's order.

Please be advised that FFB is represented by counsel in this matter. For any further communication, please contact Elizabeth Weber or Jon Connor at (859) 341-1881.

Thank you again for bringing this matter to our attention.

Sincerely,

Complaint Resolution Department
Risk and Compliance Design
First Financial Bank
255 E. Fifth Street, Suite 900
Cincinnati, OH  45202