## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| BRIDGET B. DAVIS, TRUSTEE OF JARED A. DAVIS IRREVOCABLE DYNASTY TRUST, <br><br> Plaintiff, <br><br> v. <br><br> FIRST FINANCIAL BANK, <br><br> Defendant. | CAUSE NO.: 2:24-CV-350-TLS-JEM |

### OPINION AND ORDER

Pro se Plaintiff Bridget B. Davis filed her Amended Complaint [ECF No. 3] alleging claims for violations of the Fourth and Fourteenth Amendments of the Constitution of the United States by the Defendant—for transferring funds from her trust account with the Defendant to the clerk of court for Hamilton County, Ohio based on an invalid court order. This matter is before the Court on: (1) the Defendant's Motion to Dismiss [ECF No. 8], filed on October 28, 2024;[1] (2) the Plaintiff's Motion for Reassignment and Change of Judge [ECF No. 9], filed on November 1, 2024;[2] and (3) the Plaintiff's Motion to Strike Respondents Motion to Dismiss [ECF No. 11], filed on November 4, 2024.[3] The Court addresses each motion below.

### MOTION FOR REASSIGNMENT AND CHANGE OF JUDGE

The Plaintiff argues for the reassignment of the undersigned. The Plaintiff's position is that the undersigned's senior status disqualifies her from presiding over this case because she

---

[1] The Plaintiff has not filed a response, and the time to do so has passed.
[2] The Defendant filed a response [ECF No. 12] on November 5, 2024. The Plaintiff has not filed a reply, and the time to do so has passed.
[3] The Defendant filed an objection [ECF No. 13] to the Plaintiff's Motion to Strike on November 6, 2024. The Plaintiff has not filed a reply, and the time to do so has passed.

was not Constitutionally appointed. The Court finds the Plaintiff's premise faulty. The Supreme Court has determined that senior status judges "are, of course, life-tenured [U.S. Constitution] Article III judges who serve during 'good Behaviour' for compensation that may not be diminished while in office." *Nguyen v. United States*, 539 U.S. 69, 72 (2003). Accordingly, the Court denies the Plaintiff's Motion for Reassignment and Change of Judge.

## MOTION TO STRIKE

The Plaintiff argues that the Court should strike the Defendant's Motion to Dismiss because the Plaintiff was not served with a copy. However, the Court finds that the record indicates that the Plaintiff has been served by mail at her last known addresses. *See* Fed. R. Civ. P. 5(b)(2)(C) (explaining that a motion is served by "mailing it to the person's last known address—in which event service is complete upon mailing").

On October 28, 2024, the Defendant served the Plaintiff with the Motion to Dismiss by mail at her address of record established at the time she filed the Complaint. Def. Mot. Dismiss 15, ECF No. 8 (certificate of service to the Plaintiff's mailing address at the time); ECF No. 1-1 (envelope with the Plaintiff's mailing address); Def. Ex. A, ECF No. 13-1 (docket reflecting the Plaintiff's mailing address at the time). On November 1, 2024, a "Change of Address" for the Plaintiff was noted in the record based on her most recent mailing to the Court. ECF No. 10 (citing ECF No. 9-2). On November 6, 2024, the Defendant mailed another copy of the Motion to Dismiss along with its Objection to the Plaintiff's Motion to Strike to both the original address of record and the updated address of record. ECF No. 13, p. 3; Def. Ex. B, ECF No. 13-2. The Plaintiff has not made any further filings with the Court.

Accordingly, the Court finds that the Plaintiff has been served with the Defendant's Motion to Dismiss, and the Court denies the Plaintiff's Motion to Strike.

**MOTION TO DISMISS**

The Defendant argues that the Court should dismiss the Plaintiff's Amended Complaint for a lack of subject matter jurisdiction.

A.  **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim for lack of subject matter jurisdiction. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(1). In considering such a motion, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In addition, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Long*, 182 F.3d at 554). When, as here, "the party moving for dismissal under Rule 12(b)(1) challenges the factual basis for jurisdiction, the nonmoving party (i.e., the plaintiff) must submit affidavits and other relevant evidence to resolve the factual dispute regarding the court's jurisdiction." *Kontos v. U.S. Dep't of Lab.*, 826 F.2d 573, 576 (7th Cir. 1987).

B.  **Federal Question Jurisdiction**

"[T]he federal district courts are courts of limited jurisdiction." *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002). Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," often referred to as federal question jurisdiction. 28 U.S.C. § 1331. Here, the Plaintiff's claims purport to assert federal question jurisdiction based on the allegations that

3

the Defendant violated the United States Constitution's Fourth and Fourteenth Amendments. The Court finds that the allegations do not implicate those provisions.

The Plaintiff bases the allegations on the unreasonable seizure of her trust account by the Defendant and the deprivation of her trust account by the Defendant without due process when the Defendant transferred the Plaintiff's trust account funds to the clerk of court for Hamilton County, Ohio based on a purported invalid Ohio state court order.[4] However, the right to be free from an unreasonable seizure under the Fourth Amendment and the right to due process when there is a deprivation of property under the Fourteenth Amendment are rights against state interference, which require the government or government actors. *See United States v. Hudson*, 86 F.4th 806, 810 (7th Cir. 2023) ("The [Fourth] Amendment protects citizens against unreasonable searches and seizures by the government; it does not apply to searches or seizures conducted by private individuals, no matter how unreasonable."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349, 352 (1974) ("[P]rivate action is immune from the restrictions of the Fourteenth Amendment . . . [unless] state action [is] present in the exercise by a private entity of powers traditionally exclusively reserved to the State."). And, as argued by the Defendant, the

---

[4] The Court notes that the *Rooker-Feldman* doctrine prohibits lower federal courts from presiding "over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment might be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction when four elements are present:
> *First*, the federal plaintiff must have been a state-court loser. *Second*, the state-court judgment must have become final before the federal proceedings began. *Third*, the state-court judgment must have caused the alleged injury underlying the federal claim. *Fourth*, the claim must invite the federal district court to review and reject the state-court judgment.

*Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 766 (7th Cir. 2024). However, "*Rooker-Feldman* does not apply to bar jurisdiction over a plaintiff's federal claim if she did not have a reasonable opportunity to raise her federal issues in the state court[]." *Id.* A plaintiff did not have such a reasonable opportunity when "state law . . . effectively precluded raising the issue in state court." *Id.* at 778–79. Because here the Court lacks subject matter jurisdiction based on the Plaintiff not alleging federal question jurisdiction or diversity jurisdiction—as discussed in Sections B and C of this Opinion, the Court need not address whether the *Rooker-Feldman* doctrine applies as another basis to deprive the Court of subject matter jurisdiction.

Plaintiff has not alleged or otherwise shown that Defendant First Financial Bank was the government, was a government actor, or exercised powers traditionally reserved for the state when it transferred Davis' trust funds. Thus, the Court finds that the Plaintiff has not alleged federal question jurisdiction under 28 U.S.C. § 1331.

**C.     Diversity Jurisdiction**

Alternatively, diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). In this case, the Amended Complaint does not allege the citizenship of either the Plaintiff or the Defendant. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[C]itizenship, [] depends on domicile—that is to say, the state in which a person intends to live over the long run."); *CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) ("[A] corporation is deemed a citizen of the State in which it was incorporated and of the State where it has its principal place of business."). And the Defendant asserts that the citizenship for both parties is Ohio, which the Plaintiff does not oppose. Thus, the Court finds that the Plaintiff has not alleged diversity jurisdiction under 28 U.S.C. § 1331.

**D.     Opportunity to Amend**

Because the Plaintiff has not adequately alleged subject matter jurisdiction, her Amended Complaint is dismissed without prejudice. *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) ("A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice.").[5] The Plaintiff has not requested leave to amend the Amended Complaint. However, a court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P.

---

[5] Thus, the Court denies the Defendant's request to dismiss the case with prejudice and need not address the Defendant's additional arguments for dismissal.

5

15(a)(2); *see also Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend [his] complaint." (citation omitted)); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"). Nevertheless, a court should not grant leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Therefore, the Plaintiff is granted up to and including July 7, 2025, to file a motion for leave to amend with an updated, proposed second amended complaint attached to the motion that cures the deficiencies set forth in this Opinion. *See Aldridge v. Forest River, Inc.*, 635 F.3d 870, 875 (7th Cir. 2011) ("[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." (quoting *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002))). If the Plaintiff does not file a motion for leave to amend with an updated, proposed second amended complaint attached by July 7, 2025, the Court will direct the Clerk of Court to close the case.

## CONCLUSION

Based on the foregoing, the Court hereby:

1. GRANTS in part the Defendant's Motion to Dismiss [ECF No. 8]. The Court DISMISSES without prejudice the Plaintiff's Amended Complaint [ECF No. 3] for lack of subject matter jurisdiction;

2. GRANTS the Plaintiff up to and including July 7, 2025, to file a motion for leave to amend with an updated, proposed second amended complaint attached;

3. CAUTIONS the Plaintiff that if she does not file a motion for leave to amend with an updated, proposed second amended complaint attached by July 7, 2025, the Court will direct the Clerk of Court to close the case without further notice to the Plaintiff;

4. DENIES the Plaintiff's Motion for Reassignment and Change of Judge [ECF No. 9];

5. DENIES the Plaintiff's Motion to Strike Respondents Motion to Dismiss [ECF No. 11]; and

6. TAKES UNDER ADVISEMENT the Defendant's Motion for Sanctions [ECF No. 17] pending final resolution of the Motion to Dismiss.[6]

SO ORDERED on June 20, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[6] *See Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 972 (7th Cir. 1988) ("[R]egardless of whether a court actually has subject matter jurisdiction (either diversity or federal question), the court retains the power to consider a Rule 11 motion [for sanctions].").