UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIDGET B. DAVIS, TRUSTEE OF JARED A. DAVIS IRREVOCABLE DYNASTY TRUST, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:24-CV-350-TLS-JEM |
| FIRST FINANCIAL BANK, | |
| Defendant. | |

## OPINION AND ORDER

This matter is now before the Court on the Defendant First Financial Bank's Motion for Sanctions Against Bridget B. Davis Pursuant to Fed. R. Civ. P. 11 [ECF No. 17], filed on December 2, 2024, in which the Defendant seeks sanctions against the Plaintiff for filing an Amended Complaint with claims unwarranted by law. For the reasons set forth below, the Court grants the motion.

## PROCEDURUAL BACKGROUND

On October 2, 2024, the Plaintiff, acting pro se, filed her Complaint [ECF No. 1] as an Ex Parte Request for Declaratory Relief. On October 7, 2024, the Plaintiff filed the operative Amended Complaint [ECF No. 3] as an Amended Ex Parte Request for Declaratory Relief, alleging claims for violations of the Fourth and Fourteenth Amendments to the United States Constitution by the Defendant for transferring funds from her trust account with the Defendant to the clerk of court for Hamilton County, Ohio, based on an invalid court order.

On October 28, 2024, the Defendant filed a Motion to Dismiss [ECF No. 8] under Federal Rule of Civil Procedure 12(b), arguing that all claims in the Amended Complaint should

be dismissed with prejudice for lack of subject matter jurisdiction among other reasons. The Plaintiff did not file a response.

On November 1, 2024, the Plaintiff filed a Motion for Reassignment and Change of Judge [ECF No. 9]. The Defendant filed a response [ECF No. 12] on November 5, 2024.

On November 4, 2024, the Plaintiff filed a Motion to Strike Respondents Motion to Dismiss [ECF No. 11]. The Defendant filed an objection [ECF No. 13] on November 6, 2024.

On November 7, 2024, the Defendant sent the Plaintiff a draft Motion for Sanctions Against Bridge B. Davis Pursuant to Fed. R. Civ. P. 11 and memorandum in support, accompanied by a cover letter explaining that the Plaintiff had 21 days to dismiss her Complaint or the Defendant would file the motion with the court. ECF No. 23-1.

On December 2, 2024, the Defendant filed the instant Motion for Sanctions Against Bridget B. Davis Pursuant to Fed. R. Civ. P. 11 [ECF No. 17]. The Plaintiff did not file a response, and the time to do so has passed.

On June 20, 2025, the Court entered an Opinion and Order [ECF No. 19], denying the Plaintiff's Motion for Reassignment and Change of Judge [ECF No. 9], denying the Plaintiff's Motion to Strike Respondents Motion to Dismiss [ECF No. 11], and granting the Defendant's Motion to Dismiss [ECF No. 8], dismissing without prejudice the Plaintiff's Amended Complaint for lack of subject matter jurisdiction. As to the claims in the Amended Complaint for violations of the Fourth and Fourteenth Amendment and federal question jurisdiction, the Court explained:

> The Plaintiff bases the allegations on the unreasonable seizure of her trust account by the Defendant and the deprivation of her trust account by the Defendant without due process when the Defendant transferred the Plaintiff's trust account funds to the clerk of court for Hamilton County, Ohio based on a purported invalid Ohio state court order. However, the right to be free from an unreasonable seizure under the Fourth Amendment and the right to due process when there is a

2

>deprivation of property under the Fourteenth Amendment are rights against state interference, which require the government or government actors. *See United States v. Hudson*, 86 F.4th 806, 810 (7th Cir. 2023) ("The [Fourth] Amendment protects citizens against unreasonable searches and seizures by the government; it does not apply to searches or seizures conducted by private individuals, no matter how unreasonable."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349, 352 (1974) ("[P]rivate action is immune from the restrictions of the Fourteenth Amendment . . . [unless] state action [is] present in the exercise by a private entity of powers traditionally exclusively reserved to the State."). And, as argued by the Defendant, the Plaintiff has not alleged or otherwise shown that Defendant First Financial Bank was the government, was a government actor, or exercised powers traditionally reserved for the state when it transferred Davis' trust funds. Thus, the Court finds that the Plaintiff has not alleged federal question jurisdiction under 28 U.S.C. § 1331.

June 20, 2025 Op. & Ord. 4–5, ECF No. 19.

As to diversity jurisdiction, the Court explained:

>Alternatively, diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). In this case, the Amended Complaint does not allege the citizenship of either the Plaintiff or the Defendant. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[C]itizenship, [] depends on domicile—that is to say, the state in which a person intends to live over the long run."); *CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) ("[A] corporation is deemed a citizen of the State in which it was incorporated and of the State where it has its principal place of business."). And the Defendant asserts that the citizenship for both parties is Ohio, which the Plaintiff does not oppose. Thus, the Court finds that the Plaintiff has not alleged diversity jurisdiction under 28 U.S.C. § 1331.

*Id*. at 5. And the Court granted the Plaintiff up to and including July 7, 2025, to file a motion for leave to amend with an updated, proposed second amended complaint attached. *Id.* at 6, 7.

However, the Plaintiff did not file a motion for leave to amend or an updated, proposed second amended complaint. Consequently, on August 11, 2025, the Court entered an Order directing the Clerk of Court to close the case. ECF No. 20.

3

**LEGAL STANDARD**

In this case, the Defendant requests sanctions against the Plaintiff pursuant to Federal Rule of Civil Procedure Rule 11(b)(1)–(2), which provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> . . . .

Fed. R. Civ. P. 11(b)(1)–(2). Courts evaluate whether there is a Rule 11 violation under "an objective standard of reasonableness [and] impose on counsel a pre-filing duty of inquiry." *N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 885 (7th Cir. 2017).

Rule 11 "appl[ies] to anyone who signs a pleading, motion or other paper." *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990) (citing Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment). "Status as a *pro se* litigant may be taken into account, but sanctions can be imposed for any suit that is frivolous." *Id*. "Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations." *Id*. (quoting Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment; citing *Williams v. Faulkner*, 837 F.2d 304, 307 (7th Cir. 1988)).

Rule 11(c)(2) requires the party seeking sanctions to "serve the motion on the alleged violator and permit twenty-one days to remedy the violation." *McGreal v. Village of Orland*

*Park*, 928 F.3d 556, 559 (7th Cir. 2019) (quoting Fed. R. Civ. P. 11(c)(2)). "Only after that time has passed may the motion be filed with the court." *N. Ill. Telecom, Inc.*, 850 F.3d at 882. "To mix naval metaphors, the party seeking sanctions must first fire a warning shot that gives the opponent time to find a safe harbor." *Id.*

To remedy a violation of Rule 11(b), "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). But if a court determines that a sanction is warranted, the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The Seventh Circuit has admonished district courts to "bear in mind that such sanctions are to be imposed sparingly," *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003) (citation omitted), and noted that district courts have "considerable discretion in deciding whether to issue Rule 11 sanctions," *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 529 (7th Cir. 2020) (citation omitted). One allowable sanction is the award of "reasonable attorney's fees and other expenses directly resulting from the [Rule 11] violation." Fed. R. Civ. P. 11(c)(4).

## ANALYSIS

### A.    Compliance with Rule 11(c)(2)

In this case, the Defendant stated:

> On November 7, 2024, First Financial mailed Davis, consistent with Fed. R. Civ. P. 11, the within motion, First Financial's Motion for Sanctions as against Bridget B. Davis Pursuant to Fed. R. Civ. P. 11 (the "Rule 11 Motion"), notifying Davis of its intent to seek sanctions against her in the form of reasonable attorney's fees and other expenses directly resulting from its defense of the baseless current litigation. Consistent with Rule 11's safe harbor provision, Davis was given twenty-one (21) days to correct or withdraw her Complaint. To date, Davis has not done either.

Def. Mot. 4, ECF No. 17. The Defendant filed the corresponding proof of service. *See* Def. Ex. A, ECF No. 23-1. Accordingly, the Court finds that the Defendant properly warned the Plaintiff in compliance with Rule 11(c)(2).

**B.    Unwarranted Claims and Sanction**

In this case, the Plaintiff's Amended Complaint is objectively unreasonable because "a reasonable inquiry into the facts and law would have revealed the frivolity of the position." *McGreal*, 928 F.3d at 560. In the Amended Complaint, the Plaintiff brought claims for violations of the Fourth and Fourteenth Amendments to the United States Constitution. However, as argued by the Defendant, the claims are unwarranted by law. This is because the Plaintiff did not allege or otherwise show that Defendant First Financial Bank was the government, was a government actor, or exercised powers traditionally reserved for the state when it transferred Davis' trust funds, as is required for such claims. *See Hudson*, 86 F.4th at 810; *Jackson*, 419 U.S. at 349, 352. She also did not respond to that deficiency when it was raised: by the Defendant in the October 28, 2024 Motion to Dismiss, by the Defendant again in the instant December 2, 2024 Motion for Sanctions, or by the Court in the June 20, 2025 Opinion and Order granting the Defendant's Motion to Dismiss and granting the Plaintiff leave to file a motion for leave to amend with an updated, proposed second amended complaint attached. *See* ECF Nos. 8 (Defendant's Motion to Dismiss), 17 (Defendant's Motion for Sanctions), 19 (Court's June 20, 2025 Opinion and Order).

Accordingly, even considering the Plaintiff's pro se status, the Court concludes that the Amended Complaint is objectively unreasonable because the claims are unwarranted by law and sanctions are warranted.[1] Consequently, the Court awards the Defendant reasonable attorney's fees and expenses related to and associated with defending this case as a sanction for filing this

---

[1] Thus, the Court need not address the Defendant's additional arguments for sanctions.

case. *Cf. Hutchinson v. Kelling*, No. 22-CV-382, 2024 WL 1655479, at *18 (E.D. Wis. Apr. 17, 2024) (awarding the defendant reasonable attorney's fees as a sanction for filing the case in federal court when among other things, prior to filing the case in federal court, the plaintiff had been advised that the remedy for his claim "lies in a state appeal rather than federal court").

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS the Defendant First Financial Bank's Motion for Sanctions Against Bridget B. Davis Pursuant to Fed. R. Civ. P. 11 [ECF No. 17]. The Court ORDERS the Defendant to file an affidavit detailing the attorney's fees and expenses related to and associated with defending this case by September 16, 2025. If the Plaintiff objects to any of the attorney's fees or expenses, she may file a response by September 30, 2025. Any reply by the Defendant is due October 7, 2025.

SO ORDERED on September 2, 2025.

                                     s/ Theresa L. Springmann
                                     JUDGE THERESA L. SPRINGMANN
                                     UNITED STATES DISTRICT COURT