UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRIDGET B. DAVIS, TRUSTEE OF JARED A. DAVIS IRREVOCABLE DYNASTY TRUST, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:24-CV-350-TLS-JEM |
| FIRST FINANCIAL BANK, | |
| Defendant. | |

**OPINION AND ORDER**

The matter is before the Court on the Defendant's Affidavit of Attorney's Fees [ECF No. 25], filed on September 10, 2025. For the reasons explained below, the Court awards the Defendant $17,256.13 in attorney's fees and expenses.

**PROCEDURAL BACKGROUND**

On October 2, 2024, the Plaintiff, acting pro se, filed her Complaint [ECF No. 1] as an Ex Parte Request for Declaratory Relief. On October 7, 2024, the Plaintiff filed the operative Amended Complaint [ECF No. 3] as an Amended Ex Parte Request for Declaratory Relief, alleging claims for violations of the Fourth and Fourteenth Amendments to the United States Constitution by the Defendant for transferring funds from her trust account with the Defendant to the clerk of court for Hamilton County, Ohio, based on an invalid court order.

On October 28, 2024, the Defendant filed a Motion to Dismiss [ECF No. 8] under Federal Rule of Civil Procedure 12(b), arguing that all claims in the Amended Complaint should be dismissed with prejudice for lack of subject matter jurisdiction among other reasons. The Plaintiff did not file a response.

1

Also on October 28, 2024, the Defendant served the Plaintiff with the Motion to Dismiss by mail at her address of record established at the time she filed the Complaint. Def. Mot. Dismiss 15, ECF No. 8 (certificate of service to the Plaintiff's mailing address at the time); ECF No. 1-1 (envelope with the Plaintiff's mailing address); Def. Ex. A, ECF No. 13-1 (docket reflecting the Plaintiff's mailing address at the time).

On November 1, 2024, a "Change of Address" for the Plaintiff was noted in the record based on her most recent mailing to the Court. ECF No. 10 (citing ECF No. 9-2). On November 1, 2024, the Plaintiff filed a Motion for Reassignment and Change of Judge [ECF No. 9]. The Defendant filed a response [ECF No. 12] on November 5, 2024.

On November 4, 2024, the Plaintiff filed a Motion to Strike Respondents Motion to Dismiss [ECF No. 11]. The Defendant filed an objection [ECF No. 13] on November 6, 2024.

On November 6, 2024, the Defendant mailed another copy of the Motion to Dismiss along with its Objection to the Plaintiff's Motion to Strike to both the original address of record and the updated address of record. ECF No. 13, p. 3; Def. Ex. B, ECF No. 13-2.

On November 7, 2024, the Defendant sent the Plaintiff a draft Motion for Sanctions Against Bridge B. Davis Pursuant to Fed. R. Civ. P. 11 and memorandum in support, accompanied by a cover letter explaining that the Plaintiff had 21 days to dismiss her Complaint or the Defendant would file the motion with the court. ECF No. 23-1.

On December 2, 2024, the Defendant filed the Motion for Sanctions Against Bridget B. Davis Pursuant to Fed. R. Civ. P. 11 [ECF No. 17]. The Plaintiff did not file a response.

On June 20, 2025, the Court entered an Opinion and Order [ECF No. 19], denying the Plaintiff's Motion for Reassignment and Change of Judge [ECF No. 9], denying the Plaintiff's Motion to Strike Respondents Motion to Dismiss [ECF No. 11], and granting the Defendant's

Motion to Dismiss [ECF No. 8], dismissing without prejudice the Plaintiff's Amended Complaint for lack of subject matter jurisdiction. As to the claims in the Amended Complaint for violations of the Fourth and Fourteenth Amendment and federal question jurisdiction, the Court explained:

> The Plaintiff bases the allegations on the unreasonable seizure of her trust account by the Defendant and the deprivation of her trust account by the Defendant without due process when the Defendant transferred the Plaintiff's trust account funds to the clerk of court for Hamilton County, Ohio based on a purported invalid Ohio state court order. However, the right to be free from an unreasonable seizure under the Fourth Amendment and the right to due process when there is a deprivation of property under the Fourteenth Amendment are rights against state interference, which require the government or government actors. *See United States v. Hudson*, 86 F.4th 806, 810 (7th Cir. 2023) ("The [Fourth] Amendment protects citizens against unreasonable searches and seizures by the government; it does not apply to searches or seizures conducted by private individuals, no matter how unreasonable."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349, 352 (1974) ("[P]rivate action is immune from the restrictions of the Fourteenth Amendment . . . [unless] state action [is] present in the exercise by a private entity of powers traditionally exclusively reserved to the State."). And, as argued by the Defendant, the Plaintiff has not alleged or otherwise shown that Defendant First Financial Bank was the government, was a government actor, or exercised powers traditionally reserved for the state when it transferred Davis' trust funds. Thus, the Court finds that the Plaintiff has not alleged federal question jurisdiction under 28 U.S.C. § 1331.

June 20, 2025 Op. & Ord. 4–5, ECF No. 19.

As to diversity jurisdiction, the Court explained:

> Alternatively, diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). In this case, the Amended Complaint does not allege the citizenship of either the Plaintiff or the Defendant. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[C]itizenship, [] depends on domicile—that is to say, the state in which a person intends to live over the long run."); *CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) ("[A] corporation is deemed a citizen of the State in which it was incorporated and of the State where it has its principal place of business."). And the Defendant asserts that the citizenship for both parties is Ohio, which the Plaintiff does not oppose. Thus, the Court finds that the Plaintiff has not alleged diversity jurisdiction under 28 U.S.C. § 1331.

*Id.* at 5. And the Court granted the Plaintiff up to and including July 7, 2025, to file a motion for leave to amend with an updated, proposed second amended complaint attached. *Id.* at 6, 7.

However, the Plaintiff did not file a motion for leave to amend or an updated, proposed second amended complaint. Consequently, on August 11, 2025, the Court entered an Order directing the Clerk of Court to close the case. ECF No. 20. Also on that same date, the Court mailed, by certified mail, to the Plaintiff's updated address of record, the June 20, 2025 Opinion and Order dismissing the case, *see* ECF No. 19, and the August 11, 2025 Clerk of Court's entry of judgment, *see* ECF No. 20.

On September 2, 2025, the Court entered an Opinion and Order [ECF No. 24] granting the Defendant's Motion for Sanctions Against Bridget B. Davis Pursuant to Fed. R. Civ. P. 11 [ECF No. 17]. The Court reasoned that "the Amended Complaint is objectively unreasonable because the claims are unwarranted by law and sanctions are warranted." Sept. 2, 2025 Op. & Ord. 6, ECF No. 24. The Court awarded the Defendant reasonable attorney's fees and expenses related to and associated with defending this case. *Id.* The Court ordered the Defendant to file an affidavit detailing the attorney's fees and expenses related to and associated with defending this case by September 16, 2025. *Id.* at 7. The Court provided that if the Plaintiff had an objection to any of the attorney's fees or expenses, she could file a response by September 30, 2025. *Id.*

On September 10, 2025, the Defendant filed the Affidavit of Attorney's Fees [ECF No. 25] detailing the attorney's fees and expenses related to and associated with defending this case totaling $17,256.13, which includes $171.63 in costs. The Plaintiff did not file a response, and the time to do so has passed.

On September 11, 2025, the Court received as "Unclaimed" and "Unable to Forward" the June 20, 2025 Opinion and Order dismissing the case, *see* ECF No. 19, and the August 11, 2025

4

Clerk of Court's entry of judgment, *see* ECF No. 20, which the Court had mailed, by certified mail, to the Plaintiff's updated address of record on August 11, 2025. *See* ECF No. 26.

## ANALYSIS

"[T]he starting point in a district court's evaluation of a fee petition is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate." *Divane v. Krull Elec. Co.*, 319 F.3d 307, 317–18 (7th Cir. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Here, Defendant's attorney Elizabeth Graham Weber submits an itemized list of fees totaling $17,256.13, which includes costs of $171.63 and indicates that she has billed the Defendant for 15.5 hours at a partner rate of $475 (through November 31, 2024) and 3.2 hours at a partner rate of $495 per hour (thereafter), and 54.8 hours at a discounted associate rate of $130 per hour (through November 30, 2024) and 3.9 hours at an associate rate of $260 per hour (thereafter).[1] The Plaintiff does not challenge the reasonableness of the amount of time billed or these hourly rates. And the Court finds the time expended and hourly rates reasonable. The Court therefore grants attorney's fees and expenses in the amount of $17,256.13.[2]

## CONCLUSION

For the reasons stated above, the Court AWARDS the Defendant $17,256.13 in attorney's fee pursuant to the Court's September 2, 2025 sanctions order. *See* Sept. 2, 2025 Op. & Ord., ECF No. 24. The Court DIRECTS the Plaintiff to remit a check or money order made

---

[1] Although in her affidavit Ms. Weber provides that the Associate rate was $230 after November 30, 2024, the Court considers that scrivener's error and uses the $260 as provided in Exhibit A. *See* Def. Ex. A, p. 7, 12, ECF No. 25-1.

[2] The Court recognizes that the record reflects that documents recently mailed by the Court to the Plaintiffs address of record were returned as undeliverable. However, it is the Plaintiff's responsibility to inform the Court of any change of address, and she has not done so. *See Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) ("[L]itigants . . . bear the burden of filing notice of a change of address[.]").

payable to the firm of Dressman Benzinger Lavelle PSC within thirty days. The Court also DIRECTS Attorney Elizabeth Graham Weber to inform her client of the award.

SO ORDERED on October 27, 2025.

                                                   s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT