UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

BRIDGET B. DAVIS, TRUSTEE OF
JARED A. DAVIS IRREVOCABLE
DYNASTY TRUST,

   Plaintiff,

   v.          CAUSE NO.: 2:24-CV-350-TLS-JEM

FIRST FINANCIAL BANK,

   Defendant.

## OPINION AND ORDER

The matter is before the Court on the Defendant's Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 58 [ECF No. 29], filed on December 15, 2025. For the reasons explained below, the Court denies the motion.

## PROCEDURAL BACKGROUND

On October 2, 2024, the Plaintiff, acting pro se, filed her Complaint [ECF No. 1] as an Ex Parte Request for Declaratory Relief. On October 7, 2024, the Plaintiff filed the Amended Complaint [ECF No. 3] as an Amended Ex Parte Request for Declaratory Relief, alleging claims for violations of the Fourth and Fourteenth Amendments to the United States Constitution by the Defendant for transferring funds from her trust account with the Defendant to the clerk of court for Hamilton County, Ohio, based on an invalid court order.

On October 28, 2024, the Defendant filed a Motion to Dismiss [ECF No. 8] under Federal Rule of Civil Procedure 12(b), arguing that all claims in the Amended Complaint should be dismissed with prejudice for lack of subject matter jurisdiction among other reasons. The Plaintiff did not file a response.

On November 7, 2024, the Defendant sent the Plaintiff a draft Motion for Sanctions Against Bridge B. Davis Pursuant to Fed. R. Civ. P. 11 and memorandum in support, accompanied by a cover letter explaining that the Plaintiff had 21 days to dismiss her Complaint or the Defendant would file the motion with the court. ECF No. 23-1.

On December 2, 2024, the Defendant filed the Motion for Sanctions Against Bridget B. Davis Pursuant to Fed. R. Civ. P. 11 [ECF No. 17]. The Plaintiff did not file a response.

On June 20, 2025, the Court entered an Opinion and Order [ECF No. 19], as is relevant here, granting the Defendant's Motion to Dismiss [ECF No. 8], dismissing without prejudice the Plaintiff's Amended Complaint for lack of subject matter jurisdiction. And the Court granted the Plaintiff up to and including July 7, 2025, to file a motion for leave to amend with an updated, proposed second amended complaint attached. *Id*. at 6, 7.

However, the Plaintiff did not file a motion for leave to amend or an updated, proposed second amended complaint. Consequently, on August 11, 2025, the Court entered an Order directing the Clerk of Court to close the case. ECF No. 20. On August 12, 2025, the Clerk of Court entered judgment showing the Plaintiff's Complaint dismissed without prejudice. ECF No. 21.

On September 2, 2025, the Court entered an Opinion and Order [ECF No. 24] granting the Defendant's Motion for Sanctions Against Bridget B. Davis Pursuant to Fed. R. Civ. P. 11 [ECF No. 17]. The Court reasoned that "the Amended Complaint is objectively unreasonable because the claims are unwarranted by law and sanctions are warranted." Sept. 2, 2025 Op. & Ord. 6, ECF No. 24. Under Rule 11, the Court awarded the Defendant reasonable attorney's fees and expenses related to and associated with defending this case. *Id*. The Court ordered the Defendant to file an affidavit detailing the attorney's fees and expenses related to and associated

2

with defending this case by September 16, 2025. *Id.* at 7. The Court provided that if the Plaintiff had an objection to any of the attorney's fees or expenses, she could file a response by September 30, 2025. *Id.*

On September 10, 2025, the Defendant filed the Affidavit of Attorney's Fees [ECF No. 25] detailing the attorney's fees and expenses related to and associated with defending this case totaling $17,256.13, which includes $171.63 in costs. The Plaintiff did not file a response.

On October 27, 2025, the Court entered an Opinion and Order [ECF No. 28] awarding the Defendant $17,256.13 in attorney's fees and expenses pursuant to the Court's September 2, 2025 Sanctions Order. The Court also directed the Plaintiff to remit a check or money order made payable to the firm of Dressman Benzinger Lavelle PSC within thirty days, which was by November 26, 2025. *See* ECF No. 28.

On December 15, 2025, the Defendant filed the instant Defendant's Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 58 [ECF No. 29]. The Plaintiff has not filed a response, and the time to do so has passed.

**ANALYSIS**

The Defendant requests that the Court enter judgment for the award of $17,256.13 in attorney's fees and expenses, which was entered in its favor and against the Plaintiff as a sanction for the Plaintiff's violation of Rule 11, on a separate document pursuant to Federal Rule of Civil Procedure 58(d). Because the Clerk of Court previously entered a judgment in this case, the Court construes the Defendant's request as a request for an amended judgment based on the award of attorney's fees after the initial judgment was entered.

In support of its request, the Defendant cites Rule 58(d), asserting that "Federal Rule of Civil Procedure 58(d) provides that, '[a] party may request that judgment be set forth on a

3

separate document.'" Def. Mot. 3, ECF No. 29 (quoting Fed. R. Civ. P. 58(d)). However, Rule 58(d) actually provides that "[a] party may request that judgment be set forth on a separate document *as required by Rule 58(a)*." Fed. R. Civ. P. 58(d) (emphasis added). The Defendant also cites *Meier v. Green*, No. 07-CV-11410, 2007 WL 3379695, at *1 (E.D. Mich. Nov. 14, 2007), which similarly leaves out "as required by Rule 58(a)" from its recitation of Rule 58(d). The Court finds that the Defendant's request is not well taken because, for the reasons set forth below, as a matter of law Rule 58(a) does not require a separate judgment document for an award of attorney's fees under Rule 11.

Specifically, Rule 58(a)(3) provides, "Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion . . . for attorney's fees under Rule 54." Fed. R. Civ. P. 58(a)(3). Although Rule 54(d)(2)(E) provides that the procedures set out in Rule 54(d)(2)(A)–(D) are inapplicable "to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927," Fed. R. Civ. P. 54(d)(2)(E), the Seventh Circuit Court of Appeals has clarified that—notwithstanding this Rule 54(d)(2)(E) exemption—an award of attorney's fees as sanctions does not require a separate judgment document. *See Feldman v. Olin Corp.*, 673 F.3d 515, 516–17 (7th Cir. 2012).

In *Feldman*, "[t]he plaintiff's lawyers argue[d] that since the award of fees against them was based in part on Rule 11—one of 'these rules,' meaning one of the Federal Rules of Civil Procedure—the award is outside the scope of Rule 54 and hence of Rule 58(a)(3), and therefore required a separate document." *Id*. The Seventh Circuit Court of Appeals held that, "[a]lthough the rules could be better drafted, there is no merit to the [plaintiff's lawyers'] argument." *Id*. at 517. The court explained, "Rule 58 should not be read to mean that some motions for awards of

attorneys' fees are 'under' Rule 54 and others are 'under' something else and therefore require a separate judgment document . . . ." *Id.*

Thus, because Rule 58(a) does not require a separate judgment document for an award of attorney's fees under Rule 11, Rule 58(d) does not provide the Defendant a vehicle to request a separate judgment document for its award of attorney's fees. *See* Fed. R. Civ. P. 58(d) ("A party may request that judgment be set forth on a separate document *as required by Rule 58(a)*." (emphasis added)). Therefore, the Court denies the Defendant's motion.

## CONCLUSION

For the reasons stated above, the Court hereby DENIES the Defendant's Motion for Entry of Judgment Pursuant to Fed. R. Civ. P. 58 [ECF No. 29].

SO ORDERED on January 12, 2026.

                                          s/ Theresa L. Springmann
                                          JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT